FILED

2016 Jan-06  AM 11:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **MATTHEW REDDING,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case. No.: 5:15-cv-755-JHH** |
| | } | |
| **CAROLYN W. COLVIN, Acting** | } | |
| **Commissioner of Social Security,** | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

Plaintiff, Matthew Redding, brings this action pursuant to Section 205(g) of the Social Security Act ("the Act") seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). For the reasons outlined below, the court finds that the decision of the Commissioner is due to be reversed because it is not supported by substantial evidence and proper legal standards were not applied.

## I.    Proceedings Below

Plaintiff protectively filed his applications for a period of disability, DIB, and SSI on April 11, 2012, alleging a disability onset date of March 6, 2012. (R. 179-

188).  On May 31, 2012, Plaintiff's application was denied initially, (R. 106-117), and again upon reconsideration (R. 118-131).  On September 27, 2012, Plaintiff timely requested an administrative hearing (R. 132), which was held before an Administrative Law Judge ("ALJ") on August 13, 2013 via video. (R. 21-29).  Both Plaintiff and Vocational Expert Dana M. Stoller testified at the hearing.  (R. 37-59).

In the November 6, 2013 decision, the ALJ determined that Plaintiff was not eligible for DIB or SSI because he was not under a "disability," as defined by the Act, at any time through the date of decision.  (R. 21-29).  Thereafter, Plaintiff requested review of the ALJ decision by the Appeals Council.  (R. 1-6).  After the Appeals Council denied Plaintiff's request for review on March 9, 2015, (R. 1-6), that decision became the final decision of the Commissioner, and therefore a proper subject of this court's appellate review.

At the time of Plaintiff's alleged onset of disability, he was forty-four years old and had an ninth grade education.  (R. 28, 38).  Plaintiff's past relevant positions as a farm laborer, insulation technician, and playground installer. (R. 28, 38, 201).  According to Plaintiff, he has been unable to engage in substantial gainful activity since March 6, 2012, due to lower back pain, neck problems and left arm problems.  (R. 215.)

At the August 13, 2013 hearing, Plaintiff testified that he had chronic and severe pain and is unable to perform even sedentary work. (R. 24, 46-47.) He stated that the pain in his back radiates from his hips down the back of his legs, and that he must frequently alternate positions from sitting, standing and walking to relieve this lower back pain. (R. 25, 46.) Plaintiff also reported a history of neck pain and pain from a left forearm fracture. (R. 25, 46-47.) He estimated that he can sit for no longer than 30 minutes at a time, walk around a half a block without resting, lift up to ten pounds, and has difficultly bending from the waist and climbing stairs. (R. 25, 46-50.)

Plaintiff lives with his sister and brother-in-law. (R. 39.) He stated that he is able to make sandwiches, and he walks around outside to the garage and may "tinker with a few things" before going back inside to lay down. (R. 41.) Plaintiff further stated that he could wash and fold clothes and did not need any help with his own personal care. (R. 227.) He does not do any real cooking or cleaning. (R. 51.) Additionally, the ALJ notes that Plaintiff occasionally goes fishing, but does not go as much as he used to. (R. 26.) Plaintiff regularly watches television and does puzzles. (R. 26, 41.) Plaintiff further testifies that after he stands or sits for long periods of time, he must lay down to relieve his pain. (R. 41, 50-51.) He estimated

3

that in an eight hour period, he lays down for approximately half of the time and does activities, walking, sitting, and standing the other half. (R. 50.)

## II.    ALJ Decision

Determination of disability under the Social Security Act requires a five-step analysis. *See* 20 C.F.R. § 404.1 *et. seq.*  First, the Commissioner determines whether the claimant is working ("Step One").  Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities ("Step Two").  Third, the Commissioner determines whether claimant's impairment meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations ("Step Three").  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work ("Step Four").  The claimant's residual functional capacity consists of what the claimant can do despite his impairment.  Finally, the Commissioner determines whether the claimant's age, education, and past work experience prevent the performance of any other work ("Step Five").  In making a final determination, the Commissioner will use the Medical-Vocational Guidelines in Appendix 2 of Part 404 of the Regulations when all of the claimant's vocational factors and the residual functional capacity are the same as the criteria listed in the Appendix.  If the

Commissioner finds that the claimant is disabled or not disabled at any step in this procedure, the Commissioner will provide no further review of the claim.

The court recognizes that "the ultimate burden of proving disability is on the claimant" and that the "claimant must establish a *prima facie* case by demonstrating that he can no longer perform his former employment." *Freeman v. Schweiker*, 681 F.2d 727, 729 (11th Cir. 1982) (other citations omitted). Once a claimant shows that he can no longer perform his past employment, "the burden then shifts to the [Commissioner] to establish that the claimant can perform other substantial gainful employment." *Id.*

The ALJ found that Plaintiff meets the insured status requirements of the Act through September 30, 2015, (R. 23, No. 1), and that he has not engaged in substantial gainful activity since his alleged onset of disability on March 6, 2012. (R. 23, No. 2). The ALJ found that, during the relevant time period, Plaintiff suffered from the medically determinable impairments of degenerative disc disease of the cervical and lumbar spine and history of fracture and fusion in the left distal radius and forearm, which he characterized as "severe." (R. 23, No. 3). Nevertheless, he determined that Plaintiff did not have an impairment or combination of impairments that meet or medically equal the criteria of an impairment listed at 20 C.F.R. pt. 404, subpt. P, app. 1. (R. 24, No. 4). According to the ALJ, Plaintiff's subjective

5

complaints concerning his alleged impairments and their impact on his ability to work are not fully credible due to the degree of inconsistency with the medical evidence established in the record.  (R. 24-25, No. 5).

Based upon his review of the record, the ALJ concluded that Plaintiff retains the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except occasionally climbing ramps and stairs, stooping and crouching; never climbing ladders, ropes or scaffolds; frequently balancing, kneeling and crawling; and occasionally reaching overhead with both arms and handling and fingering with the non-dominant left upper extremity.   (R. 24, No. 5).  Additionally, the ALJ concluded that Plaintiff must avoid concentrated exposure to vibration and hazards like dangerous machinery and heights. (R. 24, No.5.)  With the help of testimony from a VE, the ALJ found that Plaintiff could not return to his past relevant work, which is heavy and semi-skilled in nature, (R. 28, No. 6), although he did determine there are jobs that exist in significant numbers that Plaintiff can perform, even considering his age, education, work experience, and RFC. (R. 28, No. 10).  Specifically, the ALJ relied on the VE's testimony that Plaintiff could perform certain light, unskilled occupations that exist in significant numbers in the regional and national economy, such as usher, parking lot attendant, and rental clerk.

(R. 29, No. 10).    Thus, the ALJ found that Plaintiff was not under a "disability" at any time during the relevant period.  (R. 29, No. 11).

## III.    Plaintiff's Argument for Remand or Reversal

Plaintiff seeks to have the ALJ's decision, which became the final decision of the Commissioner following the denial of review by the Appeals Council, reversed, or in the alternative, remanded for further consideration.  (Doc. # 12).  Specifically, Plaintiff argues that the ALJ's decision is not supported by substantial evidence and improper legal standards were applied because the ALJ (1) "did not have good cause for rejecting the opinion of Redding's treating physician," (2)  "failed to apply the appropriate legal standards in addressing Redding' credibility regarding his pain" including the failure to consider Redding's limited ability to pay for treatment and the overstatement of Redding's daily activities.  (Doc. #12 at 1, 17-21.)

## IV.    Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision,   *see* 42 U.S.C. § 405 (g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's findings are conclusive if supported by

"substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

## V.    Discussion

The court finds that the ALJ failed to fully develop the record and did not apply the appropriate legal standards in addressing Redding's credibility. Because this determination requires remand in and of itself, the court does not make a decision on

Redding's argument that  the did not have good cause for discrediting the opinion of
his treating physician.

Redding  argues that the decision of the ALJ should be reversed because the
ALJ failed to fully develop the record and did not apply the appropriate legal
standards in addressing Redding's credibility. Specifically, Redding contends that the
ALJ (1) failed to fully develop the record with regard to Redding's inability to afford
more aggressive medical care; and (2) overstated Redding's level of functioning with
regard to his daily activities.  The court agrees.

### A.  Full Development of the Record

Because a hearing before an ALJ is not an adversary proceeding, the ALJ has
a basic obligation to develop a full and fair record.  *Cowart v. Schweiker*, 662 F.2d
731, 735 (11th Cir. 1981).  This obligation exists even if the claimant is represented
by counsel.  *Id.* (citing *Thorne v. Califano*, 607 F.2d 218, 219 (8th Cir. 1979)).  This
duty requires the ALJ to "scrupulously and conscientiously probe into, inquire of, and
explore for all the relevant facts."  *Cowart*, 662 F.2d at 735 (citations omitted). The
ALJ must be "especially diligent in ensuring that favorable as well as unfavorable
facts and circumstances are elicited."  *Id.*

The ALJ's determination that Redding's testimony is not credible is not
supported by substantial evidence because the ALJ failed to fully and fairly develop

9

the record with respect to Redding's ability to pursue a more rigorous course of treatment. *See id.* Here, the ALJ discredited Redding's testimony regarding his pain because he received only "very conservative and limited treatment" for his musculoskeletal conditions.  (R. 25-26.)  The ALJ also noted that Redding only required a non-narcotic pain reliever.  (R. 26.)

The ALJ had an obligation to "scrupulously and conscientiously probe" into the reasons underlying Redding's course of treatment, yet there is nothing in the record indicating the ALJ inquired into or considered Redding's financial ability to seek further medical care or pay for any medicines.  Redding testified that he is unable to afford his medication on his own, (R. 43) and the record shows that he was referred to a pain specialist, a neurosurgeon, and an orthopedist, but he could not see those doctors because he could not afford it.  (*Id.*; R. 312.)  The decision of the ALJ fails to address Redding's financial circumstances, but instead, relies on the absence of aggressive treatment and narcotic medications in his decision. Absent proper factual development, the court cannot say there is "such relevant evidence as a reasonable person would accept as adequate to support [the] conclusion" that Redding's testimony is not credible. *See Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1268-69 (11th Cir. 2015). Furthermore, in the absence of additional information regarding Redding's financial ability to seek additional medical

treatment, the ALJ could not fairly assess the severity of Redding's pain and potential disability.  *See Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995).

## B. Statement of Daily Activities

Additionally, the ALJ found that Redding's daily activities were inconsistent with a finding of disability.  (R. 26.)    A comparison of Redding's testimony regarding his daily activities and the decision of the ALJ regarding the same clearly shows that the ALJ overstated Redding's level of functioning with regard to his daily activities.  For example, the ALJ stated that Redding goes grocery shopping with his sister, but Redding actually testified that he only went shopping with her a few times, but had to stop because it was too much walking.  (R. 26, 51.)  The ALJ also noted that Redding "enjoys fishing" but acknowledged that he "does not do this as much as he used to but he does do it on occasion." (R. 26.)  Redding's actual testimony was that he hardly ever goes fishing now.  (R. 52.)  Further, the activities notes that Redding performs, such as making a sandwich, working on puzzles or tinkering in the garage, do not require much exertion, and are entirely consistent with the functional limitations that Redding described in his testimony. (R. 49-50.)  The ALJ also failed to note that Redding testified that he has to lie down for four (4) hours in an eight (8) hour period because of his back pain.  (R. 50.)  This more accurate description of Redding's daily activities do not provide support for the ALJ's credibility finding.

11

*See Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997) ("Nor do we believe that participation in daily activities of short duration, such as housework or fishing, disqualified a claimant from disability or is inconsistent with the limitations recommended by [the claimant's] treating physicians.")

Therefore, the court finds that the ALJ's credibility finding is not supported by substantial evidence. The ALJ did not fulfill the duty to investigate all facts related to Redding's alleged disability and consider the evidence as a whole in forming the RFC assessment. The underdeveloped record presents evidentiary gaps that makes assessment of Redding's physical limitations unfair and clearly prejudicial. *See Henry*, 802 F.3d at 1270.

## VI.    Conclusion

 For the reasons stated above, the Commissioner's final decision is due to be remanded for further consideration consistent with this opinion. A separate order will be entered.

**DONE** this the ___6th___ day of January, 2016.

_James N. Hancock_

SENIOR UNITED STATES DISTRICT JUDGE